RAWLS, Judge.
The State seeks to extract taxes from Camp Universe, Inc., pursuant to the provisions of Chapter 212, Florida Statutes. After hearing extensive testimony and reviewing exhibits, the trial court found that the activities of Camp Universe did not fall within the scope of Chapter 212, and entered a final judgment enjoining the State from collecting or attempting to collect taxes pursuant to said chapter.
The able trial judge’s finding of fact and conclusions of law arc hereby adopted as the opinion of this Court:
“The Department of Revenue relies on specific sections of Chapter 212, Florida Statutes, as the basis for taxation of Camp Universe. These sections will be dealt with individually by the Court.
“Section 212.03, Florida Statutes, relating to a tax on transient rentals; the Court does not find that any of the terms used in said section could in any way be construed to embrace an operation such as that performed ■ by Camp Universe. The statute provides for the renting, leasing, or letting of any living quarters, sleeping, or housekeeping accommodations in, from, or a part of, or in connection with any hotel, apartment house, rooming house, tourist or trailer camp. The Court does not find that any of those particular terms would in any wise apply to the facilities of Camp Universe.
“Section 212.04, Florida Statutes, relating to a tax on admissions; the Court having reviewed the statutory definition of admissions finds that there is a basic difference between the type of activities which that particular portion of the statute undertakes to tax and the type of activities undertaken by Camp Universe. The words used in the statute are, place of amusement, sport, or recreation, and refers specifically to certain types of amusement places, such as theaters, outdoor theaters, shows, exhibitions, games, races, or any place where charges are made by the way of sale of tickets, gate charges, seat charges, box charges, season pass charges, cover charges, green fees, participation fees, entrance fees, or other fees or receipts of anything of value measured on an admission, or entrance, or length of stay. The statute further mentions seat box accommodations in any place where there is any exhibition, entertainment, including philharmonic associations, opera guilds, little theaters or similar organizations, and then specifically dues paid to private clubs providing recreational facilities including golf, tennis, swimming, yachting, and boating facilities.
“The Court does not find that the activities of Camp Universe come within the general scope and the general classification of the activities sought to be taxed under the admissions section of Chapter 212, Florida Statutes. Although it is true that there is recreation, there is amusement, and there is sport at Camp Universe, the Court considers that to be *150 more incidental and inclusive within the overall and overriding and more important service of giving custodial treatment to children, including supervising their activities and instruction.
“Section 212.05, Florida Statutes, relating to tangible personal property and food and lodging; the Court deems the fact that food and sleeping accommodations are provided campers at Camp Universe is merely incidental to the primary purpose of Camp Universe. These services are more for the accommodation of the children who are attending Camp Universe than a distinct and separate service provided and rendered by Camp Universe.
“Based on the foregoing findings, the Court does not feel it necessary to refer to exemptions within Chapter 212, Florida Statutes. But, the Court is further of the opinion that if the observations expressed herein are not sound, i. e., that the very terms of Chapter 212, Florida Statutes, do not impose a tax on the activities of Camp Universe, then the exemption contained in Section 212.-08(7) (e), Florida Statutes, is applicable to Camp Universe. In support of this, the Court finds that the activities of Camp Universe are primarily the rendering of professional and personal services, though there is included the physical facilities and the other activities provided, but they are basically professional and personal in the sense that they are providing expert attention and custodial supervisory and instructional services.”
Affirmed.
CARROLL, DONALD K., Acting C. J„ and WIGGINTON, J., concur.